■ HELEN ZACH, Respondent, v. PECKHAM ROAD CORPORATION, Appellant. — Appeal from a judgment after a trial by jury in Supreme Court, Schoharie County, which found a verdict for the plaintiff in the sum of $3,000. The plaintiff owned property along highway Route No. 145 which was being rebuilt by the defendant in accordance with a contract awarded to it by the State of New York and which read in part: " All areas outside the highway right-of-way which are found necessary for the disposal of materials removed under this item shall be acquired by the contractor at his own expense." Plaintiff contends her husband, as agent, agreed with defendant during June, 1956 to allow dirt fill to be dumped on her property and leveled in keeping with the contour of the land. Thereafter, the defendant not only deposited dirt but large slabs of concrete which had been removed from the existing highway. As a result of

this condition, in June an additional conversation took place whereby defendant agreed to dig a trench and bury the concrete so as not to interfere with cultivating the ground or any other uses thereof. This procedure did not alleviate the condition — as shown in the exhibits — and in September plaintiff alleges a further conversation in which defendant agreed to bring in a "shovel", cover the area and leave the property in proper repair. This was not done and after completing the highway job defendant removed its equipment and left the territory. Thereafter this action was commenced. Defendant denies any contract and contends the alleged conversations as not sufficient to constitute any agreement as a matter of law. While these conversations in themselves might not be sufficient to support an executory contract, the performance by plaintiff in allowing the defendant to proceed as outlined constituted a *contract*, the performance of which by the plaintiff was binding upon the defendant. It is apparent from the record that the plaintiff was seeking dirt fill for use on her property but it does not imply defendant was given permission to dump all kinds of material removed from the road on the property. At least it was a factual question settled by the jury who not only heard the testimony of the respective witnesses but inspected the premises. The charge of the court covered all of the necessary elements as to contractual rights and obligations and there were no exceptions or requests to charge. The defendant further claims that it was necessary for plaintiff to make an express demand upon it for performance. This issue was properly submitted to the jury for its determination as part of the contractual obligation of the plaintiff. We are satisfied that there were factual issues which were properly settled by the jury. Judgment and order unanimously affirmed, with costs. Present—Bergan, P. J., Coon, Gibson, Herlihy and Reynolds, JJ.